IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Jones, : 
        Petitioner : 
                                         :   No. 1227 C.D. 2013
        v. : 
                                           :   Submitted: July 3, 2014
Pennsylvania Board of Probation : 
and Parole, : 
        Respondent : 

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED: August 25, 2014

        James L. Best, Esquire (Counsel) of the Northumberland County Public Defender's Office, petitions the Court for leave to withdraw as counsel on behalf of Darryl Jones (Jones). Jones petitions for review of the June 25, 2013 order of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review challenging the calculation of his maximum sentence date. Upon review, we grant Counsel's motion for leave to withdraw and affirm the Board's order.

        On February 7, 1998, following his conviction of forgery, Jones was sentenced to a term of imprisonment of 3 years and 9 months to 15 years, effective immediately, with a minimum sentence date of November 7, 2001, and a maximum sentence date of February 7, 2013. (Certified Record (C.R.) at 1-2.) On November

10, 2003, Jones was released on parole to the Beacon Center, a community corrections facility located in Philadelphia, Pennsylvania. (C.R. at 17, 19.) On July 18, 2008, the Board issued an administrative decision declaring Jones delinquent, effective July 9, 2008, upon notification from his parole officer that Jones violated the conditions of his parole by changing his residence without permission and failing to report as instructed. (C.R. at 22.) On November 3, 2008, Philadelphia police arrested Jones, charged him with robbery and firearm offenses in three separate cases, and placed him in the Philadelphia County Prison. (C.R. at 25-37.) That same day, the Board issued a detainer warrant. (C.R. at 21.) Jones did not post bail and remained confined at the Philadelphia County Prison. (C.R. at 71, 85, 109.)

On December 19, 2008, the Board recommitted Jones as a technical parole violator (TPV) and ordered him to serve 15 months backtime, pending resolution of his criminal charges. With the delinquency time added, the Board recalculated Jones' maximum expiration date to June 4, 2013, and informed him that his maximum expiration date was subject to change should he be convicted of the pending criminal charges. (C.R. at 23-24.)

On September 29, 2011, Jones was convicted of two counts of robbery and three counts of firearm offenses, and, on December 12, 2011, he signed a form entitled, "Waiver of Revocation Hearing and Counsel/Admission." (C.R. at 47-48.) By decision recorded March 9, 2012, the Board recommitted Jones as a convicted parole violator (CPV) and ordered him to serve 30 months backtime, concurrent with the 15 months backtime imposed on December 19, 2008, for being a TPV. (C.R. at 49-50.) At that time, the Board did not recalculate Jones' maximum sentence date.

Jones filed a request for administrative relief, claiming that the waiver and admission form the Board relied on to revoke his parole was void and that he was

2

entitled to credit toward his original sentence for the time he spent in good standing at liberty on parole. (C.R. at 51-53.) On June 12, 2012, the Board affirmed its March 9, 2012 decision and denied Jones' administrative appeal, explaining that the Board was justified in relying on the waiver/admission form wherein Jones admitted his convictions and stated that he "knowingly, intelligently, and voluntarily" relinquished his rights to counsel and a hearing. (C.R. at 47, 55.) In addition, the Board informed Jones that his challenge to the amount of time credited was premature because he had not yet been sentenced for his convictions. (C.R. at 55.) Jones was subsequently sentenced on July 20, 2012, to an aggregate term of 25 to 50 years' imprisonment, followed by 60 years' probation. (C.R. at 79.)

On January 25, 2013, the Board issued a decision referring to its March 9, 2012 order and recalculating Jones' maximum sentence date from June 4, 2013, to October 18, 2021. (C.R. at 158.) In making its recalculation, the Board added the 9 years, 2 months, and 28 days remaining on Jones' original sentence (calculated by the difference between Jones' parole release date of November 10, 2003, and his original maximum sentence date of February 7, 2013), to begin on July 20, 2012 (the sentencing date for Jones' new convictions), and did not credit Jones for the time he spent at liberty on parole. (C.R. at 156.)

Jones filed another request for administrative relief, alleging that the Board lacked statutory or constitutional authority to deny him credit for the period of time he was in good standing at liberty on parole. (C.R. at 159-62.) On June 25, 2013, the Board affirmed its decision that Jones was not entitled to any credit for the time he spent at liberty on parole because he was recommitted as a CPV. (C.R. at 164.)

Thereafter, on July 19, 2013, Jones filed a *pro se* petition for review with this Court. By *per curiam* order dated August 8, 2013, this Court appointed Counsel to represent Jones. On December 4, 2013, Counsel filed a motion for leave to withdraw and an "*Anders*" brief,[1] detailing the reasons why he determined that Jones' appeal lacked merit. After being granted an extension of time to file a brief, Jones filed a *pro se* brief in support of his appeal on March 18, 2014.

Before examining the merits of Jones' petition for review, we must first address Counsel's motion for leave to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole,* 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010).

In order to withdraw, Counsel must satisfy the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760-61 (Pa. Cmwlth. 1985). Under *Craig*, Counsel must notify the parolee of his request to withdraw, furnish the parolee with either a copy of a brief complying with *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner,* 544 A.2d 927, 928 (Pa. 1988), and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. Where, as here, no constitutional right to counsel is involved, an attorney seeking to withdraw from representation in a probation and parole case need only file a no merit letter, as opposed to an *Anders* brief.[2] *Seilhamer,* 996 A.2d 40, 42 & n.4. "Where an

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

[2] A constitutional right to counsel arises where the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and

**(Footnote continued on next page…)**

4

*Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Id.* at 42-43. A no-merit letter must include an explanation of the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with an explanation of why those issues are meritless. *Id.* at 43. If counsel satisfies these requirements, the court will conduct its own review of the merits of the case, and, if the court agrees with counsel, the court will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

In the present case, Counsel notified Jones by letter dated December 4, 2013, that he was seeking leave to withdraw and provided Jones with a copy of the motion to withdraw. Counsel also advised Jones of his right to obtain substitute counsel or file a brief on his own behalf, and he provided Jones with a copy of the *Anders* brief addressing Jones' legal issues and setting forth the reasons why they lack merit. Therefore, Counsel has complied with the procedural requirements of *Craig*.

Counsel's *Anders* brief reflects that he has reviewed the record in this matter and the applicable law. The *Anders* brief addresses the claims Jones raised in his petition for review and sets forth Counsel's analysis of the claims and his reasons for concluding that they are meritless. In particular, Counsel clarified that pursuant to the plain language of section 6138 of the Prisons and Parole Code (Parole Code), 61

---

**(continued…)**

make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*See Seilhamer,* 996 A.2d at 42 n.4 *(quoting Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 26 (Pa. Cmwlth. 2009)).

Pa. C.S. §6138, and case law, the Board had the statutory and constitutional authority to deny Jones credit for time he spent at liberty on parole. Further, Counsel explained that on December 12, 2011, Jones signed a valid waiver and admission form, waiving his rights to counsel and a revocation hearing. Therefore, we conclude that Counsel's *Anders* brief has complied with the technical requirements of a no-merit letter.

Having determined that Counsel satisfied the necessary procedural and technical requirements to withdraw, we now conduct our own independent review to determine whether Jones' appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009).

On appeal,[3] Jones argues that he is entitled to receive credit for the time he served in good standing at liberty on parole before being declared delinquent as a TPV,[4] and that the Board did not have the statutory authority to recalculate and extend his maximum sentence date beyond his original maximum sentence date of February 7, 2013. However, in relevant part, Section 6138 of the Parole Code provides that:

> (a) Convicted violators.
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Prebella v. Pennsylvania Board of Probation and Parole,* 942 A.2d 257 (Pa. Cmwlth. 2008).

[4] Notably, Jones has not argued, either before the Board or this Court, that the conditions at Beacon Center were sufficiently restrictive so as to be equivalent to incarceration, thereby entitling him to credit for time served at that facility. *See Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985).

or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, *the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138(a)(1) and (2) (emphasis added).

Jones' first contention is belied by the plain language of the statute. Because Jones was recommitted as a CPV, section 6138(a)(2) of the Parole Code expressly authorizes the Board to recalculate and extend his maximum sentence date to include the remaining balance of his original sentence. In making this adjustment, section 6138(a)(2) unambiguously dictates that the Board shall not give Jones credit for the time he spent at liberty on parole.

Moreover, in *Richards v. Pennsylvania Board of Probation and Parole,* 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (*en banc*), this Court concluded that under section 6138(a) of the Parole Code, CPVs "are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.* The *Richards* court specifically held that:

time spent in good standing prior to recommitment for technical violations is *not shielded from forfeiture* where the parolee subsequently commits a new crime and is recommitted as a [CPV]. Thus, upon recommitment as a [CPV], *in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received from time spent in good standing while on parole*

7

> *prior to his previous recommitment as a technical parole violator.*

*Id.* (emphasis in original) (citations omitted).

Jones further asserts that the Board's recalculation violated his due process rights and the separation of powers doctrine. These arguments were addressed and rejected by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). In that case, our Supreme Court held that the Board's statutory authority to recalculate and extend a parolee's maximum sentence date without providing credit for the time the parolee is on parole does not violate separation of powers or due process. *Id.* at 570 ("[W]hen the Board refuses to credit a [CPV] with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled.").[5] Therefore, we conclude that Jones' arguments are without merit.

---

[5] *Gaito* was decided upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. §331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Similar to section 6138 of the Parole Code, section 21.1(a) of the Parole Act stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole . . . .

*Id.*

8

Next, Jones argues that the waiver and admission form he signed is invalid and that his due process rights were offended because he was not afforded a hearing. However, Jones did not raise this issue in his petition for review. The law is well settled that issues not raised in a petition for review are waived and will not be addressed by this Court. Pa.R.A.P. 1513(a); *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). Moreover, this issue was addressed and adjudicated by the Board in its June 12, 2012 order, wherein the Board concluded that the waiver and admission form was valid and that Jones signed it knowingly, voluntarily, and intelligently, thereby relinquishing his rights to counsel and a hearing. (C.R. at 55.) Jones did not appeal the Board's June 12, 2012 decision to this Court within 30 days; consequently, that decision became final and Jones cannot collaterally attack the validity of the form in his current appeal from the Board's January 25, 2013 order recalculating his maximum sentence date. *See Hawk v. Eldred Township Board of Supervisors*, 983 A.2d 216, 223 (Pa. Cmwlth. 2009) ("An appellant cannot pursue in a subsequent appeal matters in which he or she could have pursued in a prior appeal.") (citations omitted).

Accordingly, having made an independent evaluation of the issues presented, and having found that Counsel has satisfied the criteria required for filing an *Anders* brief, we grant Counsel's motion for leave to withdraw and affirm the Board's denial of administrative relief.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl Jones, : 
          Petitioner : 
 : No.  1227 C.D. 2013
     v. : 
 : 
Pennsylvania Board of Probation : 
and Parole, : 
          Respondent : 

## ___ORDER___

AND NOW, this 25th day of August, 2014, the petition for leave to withdraw as counsel filed by James L. Best, Esquire, is granted.  The June 25, 2013 order of the Pennsylvania Board of Probation and Parole is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge