John P. Ralph, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 15, 1984, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Robert B. Stewart, III,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, February 22, 1985:

This appeal follows an order of the Pennsylvania Board of Probation and Parole (Board) which denied petitioner, John P. Ralph's request for administrative relief.

On July 18, 1981, petitioner, while on parole, was sentenced on a number of convictions for burglary and robbery to concurrent prison terms of ten to twenty years. The Board recommitted petitioner for twelve months as a technical parole violator and sixty months as a convicted parole violator for a total of seventy-two months on backtime. His petition requesting administrative relief was thereafter denied and this appeal followed.

Petitioner argues that he should have been recommitted based on eleven, and not twelve, first degree felonies for which he was sentenced and, therefore, the amount of backtime assessed against him was excessive.

Petitioner's contention is without merit. Had he been convicted for only one robbery and one burglary as well as the technical violation, then the total presumptive range would have been between forty-five and seventy-six months. 37 Pa. Code §75.2. The Board recommitted petitioner for seventy-two months, a term within this presumptive range. Moreover, we have held that the Board has the discretion to recommit for each separate criminal conviction. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). In *Cor-*

*ley,* parolee was convicted of disorderly conduct, which has a presumptive range of one to six months, and of simple assault, which has a presumptive range of nine to fifteen months. The Board recommitted the parolee for eleven months backtime based solely on the simple assault conviction. The Board's order, we determined, was not excessive.

Absent evidence that the Board violated petitioner's constitutional rights, or that the Board either failed to exercise its discretion or arbitrarily and capriciously abused its discretion, we will not disturb its order. *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983).

### ORDER

Now, February 22, 1985, the order of the Pennsylvania Board of Probation and Parole, dated May 8, 1984, at No. 5038-M, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.