511 A.2d 884

Donald D. Caldwell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

158

Submitted on briefs April 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Cynthia N. Keller*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 13, 1986:

Donald Caldwell petitions for review of an order of the Pennsylvania Board of Probation and Parole denying him administrative relief from the board's order, recorded on May 3, 1985. Mr. Caldwell contends that the board's decision to recommit him for thirty-six months of backtime as a convicted parole violator, based upon his guilty plea to charges of unlawfully obtaining public

assistance and criminal conspiracy, violates the double jeopardy clause of the Fifth Amendment because his commission of those offenses occurred between 1972 and 1977, during a parole period which had antedated the re-incarceration which preceded his most recent parole.

On June 5, 1972, the board had paroled Mr. Caldwell, who was serving a four-to-fifteen-year sentence which had begun in 1968. On February 2, 1981, the board recommitted Mr. Caldwell as a convicted parole violator for eighteen months of backtime based upon his conviction for possession of a firearm. At that time, the board recomputed his maximum release date to February 2, 1992. The board again paroled him on August 10, 1982.

On May 4, 1983, the Pennsylvania State Police arrested Mr. Caldwell and charged him with forgery, theft by deception, welfare fraud and conspiracy. On January 23, 1985, Mr. Caldwell pleaded guilty to 29 counts of unlawfully obtaining public assistance and one count of criminal conspiracy. The subject offenses occurred between 1972 and 1979. Each month thirty-one unentitled persons received by mail two Commonwealth of Pennsylvania Food Coupon Authorizations of which they returned half to Mr. Caldwell and another individual. The Commonwealth entered *nolle prosequi* on the remaining charges.

On March 13, 1985, the board ordered Mr. Caldwell recommitted as a technical parole violator with twelve months of backtime for violating the conditions of his parole, including: 1, leaving the district to which paroled without prior permission; 2, changing residence without permission; and 3A, failing to report as instructed.

Following a hearing, the board issued its May 3, 1985, order, the recommittment as a convicted parole

violator. By letter dated June 27, 1985, the board acknowledged Mr. Caldwell's request for administrative relief but refused to alter the May 3 order.

In this appeal, Mr. Caldwell attempts to portray his two separate periods of parole, the first, between 1972 and 1981, and the second, between 1982 and 1983, as unrelated entities, thereby contending that the board may not impose backtime for a parole offense which Mr. Caldwell committed during an earlier period of parole. He emphasizes that he has committed no offenses during his *current* period of parole.

However, subsection (a) of section 21.1 of the Pennsylvania Board of Parole Act,[1] states in pertinent part:

> Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole . . . commits any crime punishable by imprisonment, . . . to which he pleads guilty . . . at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator.

The act refers to "the period of parole." Mr. Caldwell suggests that we construe the statute as referring to a single, uninterrupted period of parole. However, in *Morris v. Pennsylvania Board of Probation and Parole,* 77 Pa. Commonwealth Ct. 85, 465 A.2d 97 (1983), we rejected the petitioner's similar contention that the board's order continuing him on parole after he was convicted on new charges sealed off from forfeiture the street time which preceded it.

Further, Mr. Caldwell contends that, but for the board's action in 1981, recommitting him and recomputing his maximum release date, the board would not

---

[1] Act of August 6, 1941, P.L. 861, added August 24, 1951, P.L. 1401, §5, *as amended,* 61 P.S. §331.21a.

currently have jurisdiction over Mr. Caldwell. Although Mr. Caldwell does not elaborate upon this contention, the board does in fact have jurisdiction over him because he was convicted of a crime during his parole. Accordingly, the board added on the amount of Mr. Caldwell's recent parole, consistent with section 21.1 of the Pennsylvania Board of Parole Act which provides that a parolee who, recommitted by the board, "shall be given no credit for the time at liberty on parole." 61 P.S. §331.21a.

By merely recommitting Mr. Caldwell to the Commonwealth's custody for forty-eight months for new offenses as a convicted and technical parole violator, the board in no way violated Mr. Caldwell's constitutional right against double jeopardy. In 1981, the board recomputed Mr. Caldwell's maximum release date because his parole violation deprives him of credit for the time at liberty on parole. In its May 3 decision, the board only ordered Mr. Caldwell to serve a period of backtime. It did not again recompute Mr. Caldwell's maximum release date by again denying him credit for his period of parole between 1972 and 1981, because the board had already denied him credit for that time at liberty and had recomputed his maximum release date accordingly.

Mr. Caldwell next contends that the board erred by analogizing his nonenumerated offense to the offense of Theft by Deception Over $200, which carries a presumptive range of six months to twelve months. Mr. Caldwell suggests that the board should have applied the presumptive range for the offense of Theft —Misdemeanor of the Third Degree, which recommends a presumptive range of one month to six months, because the offense of unlawfully obtaining public assistance is similarly a misdemeanor of the third degree.

37 Pa. Code §75.1(e) provides:

The severity ranking of crimes listed in section 75.2 (relating to presumptive ranges) is not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

We must conclude that the board did not abuse its discretion by applying the presumptive range for the offense of Theft by Deception Over $200. The specific amount of backtime "is dependent upon the number, nature and seriousness of the parole violations." *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 44, 483 A.2d 1044, 1048 (1984). The board noted that Mr. Caldwell's offenses had cost the Commonwealth $473,472.50, and additionally noted Mr. Caldwell's history of parole failure and his pattern of continued criminal activity during parole supervision.

However, even assuming that the board applied the wrong offense category, that error would not be fatal because the board additionally possesses the discretion to assign recommitment time in excess of the corresponding offense by setting forth those aggravating circumstances which led it to exceed the presumptive range. *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 478 A.2d 146 (1984). In the present case, the board set forth aggravating circumstances.

Mr. Caldwell next contends that the board abused its discretion when computing his recommitment time, by aggregating the numerous counts against him. He suggests that, where the numerous offenses are in fact different counts of the same offense, the parolee should be recommitted for a time which does not exceed the presumptive range of a single count. In *Ralph v. Penn-*

*sylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 636, 488 A.2d 377 (1985), we recently reaffirmed the board's discretionary authority to recommit a parole violator for each separate criminal conviction. For the purposes of the computation of recommitment time, this court sees no meaningful distinction between the commission of different offenses and the repeated commission of a single category of offense.

Finally, Mr. Caldwell contends that the board exceeded the presumptive range without providing sufficiant written justification as required by 37 Pa. Code §75.1(c). That section states, "[t]he Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given." As stated above, the board specifically set forth the aggravating factors which it considered in calculating Mr. Caldwell's backtime. We conclude that those stated factors justify the backtime which the board imposed.

The decision of the board is affirmed.

ORDER

NOW, June 13, 1986, the order of the Pennsylvania Board of Probation and Parole, entered at Parole No. 4341-E, on June 27, 1985, is affirmed.