Justin **RICHARDS**, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 9, 2011.

Decided April 18, 2011.

David R. Crowley, Bellefonte, for petitioner.

John C. Manning, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Justin Richards (Richards) petitions for review of the June 23, 2010 denial of his petition for administrative review challenging the March 8, 2010 decision of the Board of Probation and Parole (Board) finalizing its recommitment of Richards as a convicted parole violator and establishing his maximum parole violation date as March 13, 2018. The issue before this Court is whether Richards, as a parole violator, continues to be entitled to credit for time served while at liberty on parole in good standing prior to technical violations, notwithstanding his subsequent recommitment as a convicted parole violator. In other words, whether time a parolee spends on parole in good standing prior to recommitment for technical violations is properly added to his maximum sentence after his recommitment as a convicted parole violator. For the reasons that follow, we affirm the Board's order of decision which concluded that as a convicted parole violator, Richards is not entitled to any credit for time served while at liberty on parole.

In December of 1992, Richards pled guilty to two counts of robbery and one count of criminal conspiracy. He was sentenced to 4 to 15 years in prison, with a maximum sentence date of November 24, 2007. Richards was paroled on November 24, 1996. On January 18, 2002, he was arrested on suspicion of drug possession and traffic violations, and was detained on the Board's warrant pending disposition of the charges. The charges were subsequently dismissed. Richards was recommitted, however, as a technical parole violator by an April 12, 2002 Board decision to serve 18 months backtime for possessing a cell phone in violation of condition # 7.

Richards was reparoled on August 22, 2004. On April 26, 2007, he was arrested on suspicion of violating The Controlled Substance, Drug, Device and Cosmetic Act.[1] On June 8, 2007, the Board ordered that Richards be detained pending disposition of the 2007 charges and recommitted as a technical parole violator for leaving the district without permission in violation of condition # 1. The Board removed its detainer on November 27, 2007 at the expiration of Richards' original 4 to 15–year sentence which was based on his 1992 conviction. On January 20, 2009, however, Richards pled guilty to the April 26, 2007 drug charges, was sentenced to time served to 23 months, and was paroled that same day by the trial court. On January 17, 2010, the Board filed a detainer pertaining to Richards' original 4 to 15–year sentence for his December 1992 conviction, based on Richards' January 20, 2009 guilty plea. On March 10, 2010, the Board or-

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144. There is no statutory reference in the record or either party's brief which indicates the basis for Richards' arrest.

dered that Richards be recommitted as a convicted parole violator, and recalculated the maximum date for his 1992 conviction to March 13, 2018. The recalculation included 1,881 days spent at liberty on parole from November 24, 1996, when he was first paroled, through the date of his arrest on January 18, 2002.

On March 24, 2010, Richards filed a timely appeal alleging that he only owed 1,189 days on his original sentence since he was paroled on August 22, 2004, which would yield a parole violation maximum date of January 17, 2013. Richards' appeal was denied by the Board on June 23, 2010. He then filed the instant appeal to this Court.[2]

This matter is governed by Section 6138 of what is commonly referred to as the Prison and Parole Code (Parole Code).[3] Richards argues that the rules of statutory construction compel interpretation of Section 6138 such that only the street-time served during the period of parole immediately prior to his recommitment as a *convicted* parole violator should be used in calculating the maximum parole violation date. He insists that under the law, he retains entitlement to credit for time served in good standing during the period of parole prior to his recommitment as a *technical* parole violator. Further, he argues that the ruling in *Gregory v. Pennsylvania Board of Probation and Parole*, 111 Pa.Cmwlth. 118, 533 A.2d 509 (1987), supports his argument. We disagree.

Section 6138 of the Parole Code, states, in relevant part:

**(a) Convicted violators.—**

(1) A parolee ... who ... commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.*

. . . .

**(c) Technical violators.—**

(1) A parolee ... who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere in a court of record, may be recommitted after a hearing before the board.

(2) *If the parolee is so recommitted, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.*

61 Pa.C.S. § 6138 (emphasis added).

It is clear from a plain reading of the statute, that while *technical* parole viola-

2. "Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated." *Gair v. Pennsylvania Bd. of Probation and Parole*, 948 A.2d 884, 886 n. 4 (Pa.Cmwlth.2008).

3. 61 Pa.C.S. § 6138. The Parole Code was consolidated and became effective on October 13, 2009. The case law refers to Section 21.1 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a, which is now Section 6138 of the Parole Code. The sections are substantially similar for the purposes of this opinion.

tors are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences, *convicted* parole violators, on the other hand, are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing.

> Moreover, this Court has plainly held:
>
> time spent in good standing prior to recommitment for technical violations *is not shielded from forfeiture* where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Thus, upon recommitment as a convicted parole violator, *in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.*

*Armbruster v. Pennsylvania Bd. of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth.2007) (citations omitted) (emphasis added); *see also Gair v. Pennsylvania Bd. of Probation and Parole*, 948 A.2d 884 (Pa.Cmwlth.2008); *Melendez v. Pennsylvania Bd. of Probation and Parole*, 944 A.2d 824 (Pa.Cmwlth.2008); *Dorsey v. Pennsylvania Bd. of Probation and Parole*, 854 A.2d 994 (Pa.Cmwlth.2004); *Palmer v. Pennsylvania Bd. of Probation and Parole*, 704 A.2d 195 (Pa.Cmwlth. 1997); *Houser v. Pennsylvania Bd. of Probation and Parole*, 682 A.2d 1365 (Pa. Cmwlth.1996) (Friedman, J., dissenting); *Andrews v. Pennsylvania Bd. of Probation and Parole*, 101 Pa.Cmwlth. 468, 516 A.2d 838 (1986); *Caldwell v. Pennsylvania Bd. of Probation and Parole*, 98 Pa. Cmwlth. 157, 511 A.2d 884 (1986); *Anderson v. Pennsylvania Bd. of Proba-*

*tion and Parole*, 80 Pa.Cmwlth. 574, 472 A.2d 1168 (1984); *Morris v. Pennsylvania Bd. of Probation and Parole*, 77 Pa. Cmwlth. 85, 465 A.2d 97 (1983).

Richards would like this Court to find that the ruling in *Gregory* conflicts with the remainder of this Court's jurisprudence, and that this Court should follow *Gregory* as opposed to the other cited caselaw. We note that in *Houser,* Judge McGinley specifically, succinctly and aptly, stated: "We reject the language of this Court's prior decision in [*Gregory* ], *to the extent that it appears to conflict* with our resolution of the issue in this matter." *Houser,* 682 A.2d at 1368 n. 5 (emphasis added). Having taken a close look at the opinion in *Gregory,* we now conclude that there is no conflict.

In *Gregory,* specifically responding to the contention that the Board erred by recommitting the parolee for thirty-six months as a *technical parole violator* despite the fact that the thirty-six months extended the parolee's recommitment beyond the expiration date of his original sentence, this Court stated the following holding.

> We now hold that where a parolee is recommitted *for technical violations only,* the plain meaning of the statutory language in Section [6138(b) of the Parole Code, 61 Pa.C.S. § 6138(b) ] is that the parolee must be given credit for street time served in good standing and may not be recommitted beyond the expiration date of the original sentence. We also hold that the recommitment of a parolee as a convicted parole violator in a separate and later proceeding by the Board does not expunge the parolee's entitlement to credit for street time served in good standing *as it affects technical parole violation recommitment time* nor does it extend the time of the expiration of the parolee's original

sentence *as it affects technical parole violation recommitment time.*

*Id.,* 533 A.2d at 511–12 (emphasis added). We highlight the fact that this Court was extremely careful to repeatedly specify that it was addressing situations involving "technical violations only." This Court also noted that the parolee in that case conceded that he was required under the law to serve all twenty-four months of recommitment time issued to him as a *convicted* parole violator. It is clear, therefore, that this Court has repeatedly accepted the interpretation of Section 6138 of the Parole Code espoused by Judge McGinley in *Houser,* and that this Court's prior opinion in *Gregory* does not support a contrary analysis.

Richards contends in the alternative that because Section 6138 of the Parole Code is "ambiguous," this Court should apply the rule of lenity and rule in his favor as a result. We disagree.

> Ambiguities should and will be construed against the government. This principle has its foundation in the rule of lenity that provides that any ambiguity in a criminal statute will be construed in favor of the defendant. The rule of lenity requires a clear and unequivocal warning in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be. Application of the rule of lenity extends beyond the context of criminal statutes.

*Yourick v. Dep't of Transp., Bureau of Driver Licensing,* 965 A.2d 341, 347 (Pa. Cmwlth.2009) (Leavitt, J., dissenting) (quotation marks and citations omitted). While the rule of lenity requires that this Court construe its interpretation of an ambiguity in favor of the defendant/parolee, this Court does not discern an ambiguity within the statute. Moreover, making a

ruling that would favor parolees in similar cases would benefit no one, except for those parolees recommitted as convicted parole violators who have had at least one prior recommitment as technical parole violators. While convicted parole violators with no prior recommitments as technical parole violators would forfeit all street-time from their original parole date, those convicted parole violators who do have prior recommitments as technical parole violators would only forfeit street-time from their most recent reparole date. Clearly, the General Assembly could not have intended such an absurd result. Richards' rule of lenity argument is, therefore, rejected.

For the reasons stated above, we affirm the decision of the Board.

### ORDER

AND NOW, this 18th day of April, 2011, the June 23, 2010 denial of Richards' petition for administrative review challenging the March 8, 2010 decision of the Pennsylvania Board of Probation and Parole is affirmed.