IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Cruthers,            :
                  Petitioner :
                             :
           v.                :
                             :
Pennsylvania Board of Probation :
and Parole,                  :  No. 1950 C.D. 2014
                  Respondent :  Submitted: April 17, 2015


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 30, 2015


Brandon Cruthers (Cruthers), an inmate at the State Correctional Institution (SCI) – Somerset, petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) September 29, 2014 order upholding his maximum sentence release date recalculation. The sole issue before this Court is whether the Board erred in its recalculation of Cruthers' maximum sentence release date. Upon review, we affirm.

By August 16, 2010 Board decision, Cruthers was paroled effective December 6, 2010 from a 2½ to 5-year sentence for the manufacture, sale, delivery or possession with the intent to manufacture or deliver a controlled substance. At that time, his maximum sentence release date was April 20, 2013.

On December 8, 2011, the Board declared Cruthers delinquent effective December 7, 2011 for failing to report to the Board's Altoona District Office as instructed. On May 5, 2012, Cruthers was arrested for violating his parole

conditions. At the time of his arrest, Cruthers was highly intoxicated, and due to destructive behavior, was cited for harassment and disorderly conduct. By May 25, 2012 decision, the Board continued action on Cruthers' case "until further notice to await outcome of criminal preliminary hearing." Certified Record (C.R.) at 13. By decision mailed on October 17, 2012, the Board recommitted Cruthers to SCI as a technical parole violator (TPV). Based upon his December 7, 2011 to May 5, 2012 delinquency time, Cruthers' maximum sentence release date was recalculated to September 17, 2013. Cruthers was re-paroled to a parole violator Community Corrections Center (CCC) on November 20, 2012.

On April 4, 2013, Cruthers returned to the CCC in a visibly intoxicated condition and mistreated the CCC staff, which resulted in the Board lodging a detainer against him for again violating his parole conditions. He was arrested and charged in Cambria County on April 5, 2013 with aggravated assault, resisting arrest, terroristic threats, assault by a prisoner, disorderly conduct, public drunkenness and criminal mischief. By decision mailed June 3, 2013, the Board detained Cruthers pending disposition of his criminal charges.

On November 15, 2013, Cruthers pled guilty to two counts of aggravated harassment by a prisoner. On March 18, 2014, Cruthers received a sentence of 15 to 36 months' county imprisonment. The Board recommitted Cruthers as a convicted parole violator (CPV) to serve 18 months, when available, pending sentencing for his criminal conviction and his return to SCI.[1] According to the Board's Hearing Report, the Board determined that Cruthers was not entitled to credit for time he spent at liberty on parole. *See* C.R. at 61. Cruthers was paroled from his county sentence on July 5, 2014. By decision mailed July 28, 2014, the Board recalculated Cruthers' maximum sentence release date to May 1, 2016.

---

[1] The Board's decision was mailed January 28, 2014.

2

Cruthers filed a petition for administrative review with the Board, challenging the Board's calculation of the time remaining on his sentence. On September 29, 2014, the Board upheld its calculation. Cruthers appealed to this Court.[2]

Cruthers argues that the Board erred in its calculation of his unexpired sentence, in that it goes beyond his originally-imposed sentence. Specifically, he contends that since he served 1,325 days[3] of his original 1,825-day sentence, he had only 500, rather than the 666, days of backtime when the Board recalculated his maximum sentence release date. We disagree.

Section 6138 of the Prisons and Parole Code (Parole Code) provides, in relevant part:

> **(a) Convicted violators.**--
>
> (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which . . . the parolee pleads guilty . . ., may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, the **parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided

---

[2] "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pennsylvania Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010).

[3] Cruthers' original 2½ to 5-year sentence consisted of a maximum of 60 months or 1,825 days, from which he subtracted: 959 days he served from April 20, 2008 through December 6, 2010; 200 days from May 5, 2012 to November 20, 2012; and 166 days between April 4, 2013 and September 17, 2013. Total: 1,325 days.

3

under paragraph (2.1), **shall be given no credit for the time at liberty on parole.**[4]

. . . .

**(c) Technical violators.--**

(1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which . . . the parolee pleads guilty . . . , may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing. . . .

. . . .

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

(3) The remainder shall be computed by the board from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the board.

61 Pa.C.S. § 6138 (emphasis added). This Court has held:

It is clear from a plain reading of the statute, that while *technical* parole violators are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences, *convicted* parole violators, on the other hand, are not entitled to any credit for street-time. Consequently, **when a parolee is recommitted due to criminal conviction, <u>his maximum sentence date may be extended</u>**

---

[4] The Board exercised its discretion and determined that Cruthers was not entitled to credit for time he spent at liberty on parole. *See* C.R. at 61.

4

**to account for <u>all</u> street[]time,[5] regardless of good or delinquent standing**.

Moreover, this Court has held:

> time spent in good standing prior to recommitment for technical violations *is not shielded from forfeiture* where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. Thus, upon recommitment as a convicted parole violator, *in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator.*

*Richards v. Pennsylvania Bd. of Prob. and Parole*, 20 A.3d 596, 598-99 (Pa. Cmwlth. 2011) (bold and underline emphasis added) (quoting *Armbruster v. Pennsylvania Bd. of Prob. and Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007)); *see also Houser v. Pennsylvania Bd. of Prob. and Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996).

We acknowledge that *Richards* and *Armbruster* were decided before Section 6138(a) of Parole Code was amended to authorize the Board, in its discretion, to afford an inmate credit for time on parole.[6] However, since the Board specified in its Hearing Report that Cruthers was not entitled to credit for time he spent at liberty on parole, Section 6138(a)(2.1) of the Parole Code does not apply in this case. *See* C.R. at 61. Thus, where, as here, the Board has determined that an inmate is not entitled to credit for time at liberty on parole, the *Richards* and *Armbruster* holdings apply, and Cruthers' "maximum sentence date may be extended to account for **all** street[]time, regardless of good or delinquent standing." *Richards*, 20 A.3d at 599 (emphasis added).

---

[5] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pennsylvania Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

[6] Section 6138(a)(2.1) was added to the Parole Code by Section 15 of the Act of July 5, 2012, P.L. 1050 (Act 122), effective September 5, 2012.

5

When Cruthers was paroled effective December 6, 2010, he had 866 days remaining on his sentence. He was on parole for 366 days between December 6, 2010 and December 7, 2011, when he was declared delinquent. He was delinquent for 150 days between December 7, 2011 and his May 5, 2012 return to custody. Pursuant to Section 6138(c) of the Parole Code, Cruthers was entitled to and did receive credit for the 366 days while in good standing on parole, but not for the 150 days he was delinquent on parole. By adding 150 days to Cruthers' April 20, 2013 maximum, the Board properly recalculated Cruthers' maximum sentence release date as September 17, 2013.

When Cruthers was again paroled on November 20, 2012, there were 301 days remaining until he reached his September 17, 2013 maximum sentence release date. He remained on parole until the Board lodged its detainer against him on April 4, 2013 for his new parole violations. He was arrested on April 5, 2013 due to criminal charges for which he did not post bail.

This Court has held:

The general rule governing the allocation of credit for time served awaiting disposition of a new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole,* . . . 412 A.2d 568 ([Pa]. 1980). In *Gaito,* the Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him.' *Gaito, . . . 412 A.2d at 571. . . .*

In the cases following *Gaito,* this Court held that **once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not posted, must be applied toward the new sentence and not to the original sentence**.

6

*Bowman v. Pennsylvania Bd. of Prob. and Parole*, 930 A.2d 599, 601 (Pa. Cmwlth. 2007) (emphasis added). Moreover, Section 6138(a) of the Parole Code states, in pertinent part:

> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.
>
> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> **(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.**

61 Pa.C.S. § 6138(a) (emphasis added).

Cruthers was properly credited one day on his original sentence for the time served on the Board's detainer on April 4, 2013. The days Cruthers served on both the Board detainer and the criminal charges from April 5, 2013 to his March 18, 2014 sentencing were appropriately applied to Cruthers' new sentence. Because Cruthers was sentenced to serve a county term for his criminal charges, he served his county sentence until he was paroled therefrom on July 5, 2014 and was available to serve his original sentence.

Having been recommitted as a CPV, Cruthers forfeited all of the 366 days of street time previously credited to him. *Richards*. Adding 366 days to the 301 days Cruthers had remaining on his sentence before his April 2013 arrest, he had 667

days left to serve. After being credited with the April 4, 2013 detainer day, Cruthers was required to serve 666 days on his original sentence. By adding 666 days beginning July 5, 2014, the Board correctly recalculated Cruthers' maximum sentence release date as May 1, 2016.

Cruthers' claim that he served 1,325 of his original 1,825-day sentence and, therefore, had only 500 (rather than 666) days remaining to serve beginning July 5, 2014 is erroneous. He included in his calculation 166 days he served between April 4, 2013 and September 17, 2013 which, under Section 6138(a)(5) of the Parole Code, were not attributable to his original sentence. By adding those 166 days to the 500 days Cruthers acknowledged he served on his original sentence, Cruthers' calculation matches the Board's 666-day calculation, thereby confirming the accuracy of the Board's May 1, 2016 maximum sentence release date calculation.

Because the Board did not err in calculating Cruthers' unexpired sentence or by extending his original maximum sentence release date, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon Cruthers,                                  :
                                    Petitioner    :
                                                  :
              v.                                  :
                                                  :
Pennsylvania Board of Probation                   :
and Parole,                                       :    No. 1950 C.D. 2014
                                    Respondent    :

O R D E R

AND NOW, this 30th day of July, 2015, the Pennsylvania Board of Probation and Parole's September 29, 2014 order is affirmed.

_____
ANNE E. COVEY, Judge