IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Mercado, :
             Petitioner :
              : No. 407 C.D. 2015
         v. :
              : Submitted: September 18, 2015
Pennsylvania Board of :
Probation and Parole, :
             Respondent :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: December 14, 2015

Alexis Mercado (Petitioner) petitions for review of the March 4, 2015 order of the Pennsylvania Board of Probation and Parole (Board), which denied his administrative appeal and affirmed its previous decision to recommit him as a convicted parole violator with a parole violation maximum sentence date of October 10, 2016.

On July 8, 2004, Petitioner was sentenced to a term of incarceration of two to six years following his conviction for the offense of manufacture, delivery, or possession with intent to deliver a controlled substance. His parole violation maximum sentence date at that time was June 5, 2010. Following the expiration of his minimum sentence in 2006, Petitioner was released on parole to a community corrections center. However, Petitioner failed to abide by the conditions of his parole and was subsequently convicted for attempted criminal possession of a weapon.

Petitioner was recommitted to a state correctional institution as both a technical and convicted parole violator, and his parole violation maximum sentence date was recalculated to May 19, 2014.

The Board reparoled Petitioner on February 27, 2012, again to a community corrections center. On October 9, 2013, Petitioner was arrested by the Montgomery Township Police Department on drug-related charges and was unable to post bail. At the same time, the Board issued a warrant to commit and detain Petitioner. While the new criminal charges were pending, the Board, by order dated December 12, 2013, recommitted Petitioner as a technical parole violator to serve six months backtime, when available. On July 21, 2014, Petitioner pled guilty to a single charge of possession with intent to deliver a controlled substance and was sentenced to a term of incarceration of two to four years.

The Board subsequently provided Petitioner with a notice of charges and revocation hearing relating to his new criminal conviction. On September 26, 2014, Petitioner waived his right to a revocation hearing and counsel and admitted to his new conviction and sentence. By order dated December 16, 2014, the Board recommitted Petitioner as a convicted parole violator and recalculated his parole violation maximum sentence date to October 10, 2016. The Board did not provide Petitioner with any credit for the period he was incarcerated from October 9, 2013, to July 21, 2014. The Board found that Petitioner became available to commence service of his original sentence again on July 21, 2014, and added the 812 days remaining on that sentence to this date to arrive at his new parole violation maximum sentence date.

Petitioner filed a request for administrative relief on December 29, 2014, challenging the recalculated parole violation maximum sentence date.[1] More specifically, Petitioner alleged that his maximum term had expired on May 19, 2014, and that the Board had no authority to extend his parole violation maximum sentence date beyond that term. Petitioner sent additional correspondence to the Board in January and February of 2015, raising additional issues of credit and delinquency.

By decision mailed March 4, 2015, the Board denied Petitioner's administrative appeal and affirmed its previous recommitment order and recalculated parole violation maximum sentence date. The Board first explained that it would only consider the claims raised by Petitioner in his original December 29, 2014, appeal, noting that section 73.1(4) of its regulations provides that "[s]econd or subsequent appeals . . . will not be received." 37 Pa. Code §73.1(4). With respect to Petitioner's parole violation maximum sentence date, the Board explained that when he was released on parole on February 27, 2012, his maximum sentence date was May 19, 2014, which left 812 days remaining on his original sentence. As a convicted parole violator, the Board noted that Petitioner forfeited any credit for all of the time he spent on parole and that the parole time was properly added to his maximum sentence date.

Petitioner subsequently filed a petition for review with this Court, reiterating his allegation that the Board was without authority to extend his parole violation maximum sentence date beyond May 19, 2014, the expiration date of his maximum sentence. Petitioner also alleged that the Board committed reversible error

---

[1] Petitioner also alluded to section 6138(a)(2.1) of the Prison and Parole Code, added by the Act of July 5, 2012, P.L. 1050, 61 Pa.C.S. §6138(a)(2.1), which grants the Board discretion to award a convicted parole violator credit for time spent on parole. However, Petitioner never alleged that the Board failed to comply with this section.

by failing to exercise the discretion afforded to it by section 6138(a)(2.1) of the Prison and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2.1), to award credit to a convicted parole violator.[2]

We first address Petitioner's argument that the Board lacked the authority to extend his parole violation maximum sentence date (October 10, 2016) beyond the expiration date of his maximum sentence (May 19, 2014).[3] More specifically, in his petition for review, Petitioner alleged that such action by the Board impermissibly altered/modified a judicially imposed sentence. We disagree.

Section 6138 of the Parole Code addresses convicted parole violators, providing, in pertinent part, as follows:

[2] This section states that:

> The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
> >
> > (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. §6138(a)(2.1)(i)-(ii).

[3] Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 259 (Pa. Cmwlth. 2008).

4

(a) Convicted violators.

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S. §6138(a)(1)-(2). This Court has previously held that, in calculating the duration of a parolee's recommitment under section 6138(a)(2), the clear statutory language "mandates that [p]etitioner's time at liberty be added to his maximum expiration date of sentence since he was recommitted as a convicted parole violator." *Jackson v. Pennsylvania Board of Probation and Parole*, 781 A.2d 239, 243 (Pa. Cmwlth. 2001).[4]

Moreover, in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), our Supreme Court considered and rejected the argument raised by Petitioner, i.e., that the Board's extension of his parole violation maximum sentence date constituted an impermissible alteration/modification of a judicially imposed sentence. Rather, the court in *Gaito* held that "when the Board

---

[4] In *Jackson*, this Court considered section 21.1a of what was commonly referred to as the "Parole Act," former Act of August 6, 1941, P.L. 861, formerly added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a. The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, No. 33. Nearly identical language is currently found in section 6138(a)(2) of the Parole Code, as set forth above.

refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." *Id.*

In his brief, Petitioner contends, without any explanation, that this Court needs to reconcile our previous decisions in *Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012), and *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596 (Pa. Cmwlth. 2011), in order to decide this matter. However, upon review of these cases, we cannot conclude that any such reconciliation is necessary. Instead, each case was appropriately decided on its unique facts, and we fail to see any conflicting result in either case.

In *Yates*, the parolee was recommitted as a technical parole violator to serve nine months backtime when he only had four months and twenty-eight days remaining on his original sentence. We noted our previous holding in *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000), that the Board "is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term" and that it "can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence."

In *Richards*, the issue to be decided was whether a parolee "continues to be entitled to credit for time served while at liberty on parole in good standing prior to technical violations, notwithstanding his subsequent recommitment as a convicted parole violator." 20 A.3d at 597. The Board answered in the negative, concluding that the parolee, as a convicted parole violator, was not entitled to any credit for time served while at liberty on parole. This Court affirmed, citing section 6138(a)(2) of the Parole Code. We held that "when a parolee is recommitted due to

6

criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Id.* at 599. The result in each differed due to the type of recommitment, i.e., technical versus convicted parole violator. Contrary to Petitioner's argument, we find no inconsistency between these results. Moreover, we note that our holding in *Richards* is consistent with the Board's action in the present case, i.e., refusing Petitioner credit for any time he spent at liberty on parole as a result of his new conviction.

Petitioner next contends that the Board committed reversible error by failing to exercise the discretion afforded to it by section 6138(a)(2.1) of the Parole Code. However, Petitioner never raised this argument in his request for administrative relief filed with the Board. As noted above, Petitioner merely alluded to section 6138(a)(2.1) in this request, but never specifically argued that the Board failed to exercise its discretion thereunder. Hence, this argument is waived.[5] *See* Pa.R.A.P. 1551(a) ("No question shall be heard or considered by the court which was not raised before the government unit. . . ."); *Joyce v. Pennsylvania Board of Probation and Parole*, 811 A.2d 73, 78 (Pa. Cmwlth. 2002) (issue not preserved in request for administrative relief is waived).

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Even if not waived, Petitioner's contention would fail. The Board, in response to the addition of section 6138(a)(2.1) of the Parole Code, revised its "Hearing Report" form to include a provision which provides the Board with the option of awarding credit for time spent at liberty on parole. *See* Record at Item No. 7. In this case, the Board placed a checkmark next to "No," thereby exercising the discretion afforded to it by section 6138(a)(2.1).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Mercado, : 
          Petitioner : 
           :   No.  407 C.D. 2015
        v. : 
           : 
Pennsylvania Board of : 
Probation and Parole, : 
          Respondent : 

## *ORDER*

AND NOW, this 14th day of December, 2015, the order of the Pennsylvania Board of Probation and Parole, dated March 4, 2015, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge