IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy James McHenry, :
                 Petitioner :
                 :
           v. : No. 531 C.D. 2016
                 : Submitted: December 16, 2016
Pennsylvania Board of Probation :
and Parole, :
                Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: February 14, 2017

       Jeremy James McHenry, an inmate at SCI-Mahanoy, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. McHenry's appointed counsel, Kent D. Watkins, Esquire (Counsel), has petitioned for leave to withdraw his representation. For the following reasons, we grant Counsel's petition and affirm the Board's order.

       In 2009, McHenry was sentenced to a minimum sentence of two years to a maximum of seven years on multiple offenses including burglary, theft, and criminal conspiracy. At the time the sentence was imposed, McHenry's maximum release date was March 14, 2016. By order dated March 16, 2011, the Board granted McHenry parole. On June 28, 2011, he was released to an approved home plan upon conditions, *inter alia*, that he would commit no misconducts or crimes. Certified Record at 15-24 (C.R. __). McHenry signed a Conditions Governing Parole/Reparole, which stated, under condition 5a, that McHenry shall "abstain

from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances…." C.R. 22.

On September 18, 2014, McHenry was charged with driving under the influence of alcohol or controlled substance (DUI) and related offenses. C.R. 38-44. He posted bail. After being notified of McHenry's new criminal charges, on December 5, 2014, the Board issued a warrant to commit and detain McHenry. C.R. 45-46, 48. McHenry admitted that he had violated parole condition 5a and waived his right to hearings and assistance of counsel. C.R. 51. By order dated January 23, 2015, the Board detained McHenry pending disposition of his criminal charges and recommitted him as a technical parole violator to serve six months backtime. The order also provided that McHenry would be reparoled pending resolution of his outstanding criminal charges. McHenry's maximum release date, March 14, 2016, was not revised. C.R. 67, 70.

On July 22, 2015, McHenry pled guilty to the charge of DUI in Schuylkill County and was sentenced to a term of imprisonment of three to six months. C.R. 73. Thereafter, the Board scheduled a second parole revocation hearing. McHenry admitted that he was convicted of DUI in violation of his parole and further waived his right to hearings and assistance of counsel. By order mailed December 8, 2015, the Board modified its January 23, 2015, order by rescinding McHenry's reparole and recommitting him as a convicted parole violator to serve six months concurrently with the prior six-month recommitment for the technical parole violation. This resulted in a total recommitment of six months backtime. C.R. 89-90. The Board further recalculated McHenry's maximum sentence date for his 2009 conviction to August 22, 2019. The recalculation included the time

McHenry spent at liberty on parole from June 28, 2011, when he was first paroled, through the date of his detention on December 5, 2014.

McHenry filed an administrative appeal with the Board, challenging the recommitment term as erroneous and unconstitutional. The Board affirmed its December 8, 2015, decision, explaining that as a convicted parole violator, McHenry received no credit for street time, *i.e.*, the time he spent at liberty on parole. The Board further held that its recalculation of McHenry's maximum sentence date was constitutional because McHenry was on notice of the potential penalty for violating his parole conditions, and his ability to challenge the Board's decisions satisfied his due process rights. In response, McHenry sent a letter to the Board, reiterating his objection to the Board's forfeiture of his street time. The Board responded that it would not accept McHenry's letter because it had already responded to his previous appeal. McHenry filed a petition for review with this Court, arguing that the Board erred in recalculating his maximum sentence date.[1]

Before we address the merits of McHenry's petition for review, we must first consider whether Counsel has fulfilled the technical requirements for a petition to withdraw from representation. When counsel believes an appeal is without merit, he may file a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). This Court has summarized the requirements under *Turner* as follows:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must

---

[1] Our scope of review is to determine whether the Board erred as a matter of law or violated the parolee's constitutional rights and whether the Board's findings are supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n. 3 (Pa. Cmwlth. 2009).

> provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928). Furthermore, a no-merit letter must include substantial reasons for concluding that a petitioner's arguments are meritless. *Id.* at 962.[2] If we determine that counsel is correct that his client's claims lack merit, we will allow counsel to withdraw and deny relief. Conversely, if the claims appear to be meritorious, we will deny counsel's request and grant relief or instruct counsel to file a brief on behalf of his client. *Id.* at 960.

On July 18, 2016, Counsel submitted a no-merit letter to this Court and served a copy on McHenry. In the letter, Counsel informed McHenry of his right either to retain new counsel or to proceed *pro se*. Counsel addressed the issue McHenry raises in his petition for review to this Court as well as additional issues McHenry raised before the Board.[3] Counsel then explained why each issue is devoid of merit. Having determined that Counsel has complied with the requirements of *Turner*, we next review the merits of McHenry's arguments to determine whether to grant or deny Counsel's petition and whether to grant or deny McHenry relief. For the following reasons, we concur in Counsel's judgment that McHenry's appeal lacks merit.

---

[2] Counsel must also notify the parolee of his request to withdraw, furnish the parolee with a copy of the no-merit letter, and inform the parolee that he has a right to retain new counsel or proceed *pro se*. *Zerby,* 964 A.2d at 960.

[3] Counsel, in an effort to prepare a thorough no-merit letter, addressed the constitutional challenges McHenry raised in his administrative appeal before the Board. Because McHenry does not raise constitutional issues in his petition for review to this Court, we will not address those issues in this opinion.

McHenry argues that the Board erred in recalculating his maximum sentence date. He contends that because the Board had credited him for his street time when it recommitted him as a technical parole violator, it could not forfeit that street time when it subsequently recommitted him as a convicted parole violator.

Section 6138 of the Prisons and Parole Code (Parole Code) states, in relevant part:

(a)  Convicted violators. –

(1)  A parolee … who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2)  *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1),*[4] *shall be given no credit for the time at liberty on parole.*

* * *

(c)  Technical violators. –

(1)  A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which the parolee is convicted or found guilty by a judge or jury or to which the parolee

---

[4] Paragraph (2.1) under Section 6138(a) of the Parole Code provides that the Board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole unless one of the enumerated exceptions applies. 61 Pa. C.S. §6138(a)(2.1).

5

pleads guilty or nolo contendere in a court of record, may be detained pending a hearing before the board or waiver of the hearing or recommitted after a hearing before the board or a waiver of the hearing….

\* \* \*

(2) *If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing* but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138 (emphasis added). In short, Section 6138 states that while technical parole violators are entitled to credit for their street time, convicted parole violators are not entitled to such credit. Consequently, when a parolee is recommitted due to criminal convictions, his maximum sentence date may be extended to account for his street time, regardless of whether he is in good standing or delinquent. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011).

Further, this Court has held that time spent in good standing prior to recommitment for technical parole violations is not shielded from forfeiture where the parolee is subsequently recommitted as a convicted parole violator. *Id.* "Upon recommitment as a convicted parole violator, in addition to losing all time spent at liberty during the current parole, a parolee will also forfeit all credit received for time spent in good standing while on parole prior to his previous recommitment as a technical parole violator." *Id.*

Here, McHenry was recommitted due to his criminal conviction of DUI. As a convicted parole violator, he was not entitled to any credit for his street time, including the time he spent on parole prior to his previous recommitment as a

6

technical parole violator. Accordingly the Board, in recalculating McHenry's maximum sentence date, forfeited his street time from June 28, 2011, when he was first paroled, through December 5, 2014, when he was detained on the Board's warrant. The Board credited McHenry for the time he served on the Board's warrant, from December 5, 2014, when he was detained, to July 22, 2015, the date of his conviction of DUI. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980) (holding that if parolee is arrested on new criminal charges, posts bail and is detained solely on Board's warrant until disposition of new criminal charges, he is entitled to backtime credit for time served under Board's warrant). Accordingly, we conclude that the Board did not err in recalculating McHenry's maximum sentence date.

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the Board reveals that McHenry's issue on appeal is without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy James McHenry,        :
             Petitioner     :
                         :
          v.            :    No. 531 C.D. 2016
                         :
Pennsylvania Board of Probation  :
and Parole,                :
             Respondent   :

# **O R D E R**

AND NOW, this 14th day of February, 2017, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated March 14, 2016, is AFFIRMED, and the application for leave to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED.

                           _____

                           MARY HANNAH LEAVITT, President Judge