IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Shawn Brady, : | |
| Petitioner : | |
| : | No. 262 C.D. 2018 |
| v. : | |
| : | Argued: November 14, 2018 |
| Pennsylvania Board of Probation : | |
| and Parole, : | |
| Respondent : | |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED: February 1, 2019

This case is a companion to, and is controlled by our disposition in, *Penjuke v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth., No. 1304 C.D. 2017, filed February 1, 2019) (en banc).

In *Brady v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 262 C.D. 2018, filed August 7, 2018) (unreported), we set forth the pertinent facts and procedural history as follows:

> On May 22, 2003, [Shawn Brady (Brady)] pled guilty to one count each of robbery of a motor vehicle, driving under the influence, accident involving death or personal injury while not properly licensed, reckless endangerment, and disorderly

conduct. He was sentenced to serve three to ten years' incarceration with a minimum release date of February 12, 2006, and a maximum release date of February 12, 2013. On January 25, 2009, Brady was paroled with a parole violation maximum date of February 28, 2014.

On May 24, 2010, after his urine sample tested positive for morphine and heroin, the [Pennsylvania Board of Probation and Parole (Board)] recommitted Brady as a technical parole violator (TPV) and his parole violation maximum date remained at February 28, 2014. Brady was again paroled on September 19, 2011, with a parole violation maximum date of February 28, 2014.

After he relocated to Michigan without permission on March 12, 2013, the Board declared Brady delinquent on September 21, 2015, and recommitted him as a TPV. Brady lost time for the period of delinquency but did not lose credit at that time for the period from his release date of September 19, 2011, to March 12, 2013, the date of his declared delinquency.

Brady again was released on parole to reside in Michigan on February 1, 2016, with a parole violation maximum date of July 19, 2016. However, due to multiple failures to report, on May 9, 2016, the Board declared him delinquent as of May 2, 2016.

On August 28, 2016, the Troy, Michigan Police Department charged him with possession of drug paraphernalia. The Board issued a warrant that same day. Brady pled guilty to the charge and was sentenced to eight days with credit for time served in jail, completing his Michigan sentence on September 5, 2016. He remained incarcerated from September 5, 2016, to October 5, 2016, in Michigan, solely on the Board's warrant, prior to his return to Pennsylvania. Brady subsequently submitted waivers of counsel and hearing for the parole violation and new criminal conviction.

On December 14, 2016, the Board recommitted Brady for nine months as a TPV and six months as a [convicted parole violator (CPV)], concurrently, for a total of nine months' backtime, thereby making him eligible for re-parole on May

2

29, 2017. The Board listed the new parole violation maximum date as December 4, 2019. Even though the Board did not explicitly order forfeiture of street time, the December 4, 2019 maximum release date reflects a loss of all street time while at liberty on parole.

Brady, acting *pro se*, filed an administrative appeal on January 3, 2017. On August 23, 2017, the Board modified its December 14, 2016 order by indicating that Brady's maximum parole date had changed to December 12, 2019, due to the recent discovery of a technician's error. Under the Board's decision, Brady would not receive credit for time at liberty for the 169 days he was on parole beginning February 1, 2016. Furthermore, the Board indicated that Brady forfeited credit for the periods of time he spent on parole prior to his February 1, 2016 release date, adding up to a total of 1,024 days for the periods from January 25, 2009, to May 24, 2010, and the period from September 19, 2011, to March 12, 2013.

Brady appealed the Board's decision, arguing that the Board did not have the authority to take away previous backtime periods occurring prior to his last re-parole in calculating his new maximum date. The Board affirmed its decision by response dated February 2, 2018. This Court appointed [Richard C. Shiptoski (Counsel)] to represent Brady in his appeal and Counsel filed a petition for review on Brady's behalf.

*Brady*, slip op. at 2-4.

On appeal, Brady argued that the Board erred in ordering forfeiture of the 1,024 days he spent in good standing during the periods of parole (484 days from January 25, 2009, to May 24, 2010, and 540 days from September 19, 2011, to March 12, 2013) that eventually led to his recommitments as a TPV. Brady asserted that when the Board recommitted him as a CPV on December 14, 2016, the Board lacked the authority to additionally forfeit the 1,024 days of credit that he accumulated as street time during the parole periods where he was recommitted as a TPV.

3

In *Brady*, this Court acknowledged our decisions holding that when a parolee is recommitted as a CPV, "the forfeiture of street time extends to *all* time spent on parole from the sentence, rather than just the street time from his latest parole during which he committed the criminal act for which he was convicted," including the days spent in good standing and credited prior to recommitment as a TPV. Slip op. at 8 (emphasis in original). *See Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (en banc) (collecting cases). Nonetheless, this Court expressed the view that our recent decision in *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16 (Pa. Cmwlth. 2018) (en banc), *appeal granted*, __ A.3d __ (Pa., No. 455 MAL 2018, filed January 2, 2019), placed cases like *Richards* "into question." *Brady,* slip op. at 9. In relevant part, we stated:

> *Young* raises the issue of whether the Board can reach back and force a now [CPV] to forfeit credit for time spent at liberty in good standing that was previously credited to the parolee after a prior technical parole violation pursuant to 61 Pa.C.S. §6138(c)(2). This section provides that a recommitted [TPV] ". . . *shall* be given credit for time spent on parole in good standing . . . ."

*Id.*, slip op. at 9 (emphasis in original).

As such, this Court in *Brady* denied Counsel's application to withdraw and directed that Counsel file a brief within 30 days addressing this issue. On August 30, 2018, Counsel filed a brief.

On October 10, 2018, we entered a *per curiam* order directing that *Brady* be argued before the Court *en banc* and seriately with *Penjuke*.

The issues and the arguments advanced by Counsel, on behalf of Brady, and the Board in this appeal are nearly identical to those set forth and disposed of by this Court in *Penjuke*. In that case, we concluded that "the Board lacks the statutory authority to revoke street time credit previously granted to a parolee as a TPV when it

4

subsequently recommits the parolee as a CPV." *Penjuke*, __ A.3d __, slip op. at 33-34. Accordingly, for the reasons set forth in *Penjuke*, we reverse the Board's order in part and remand with direction that the Board reinstate the 1,024 days of credit to Brady for time he accumulated during the parole periods that led to his recommitments as a TPV and to issue a new adjudication that makes the necessary adjustment to the maximum sentence date. In addition, based upon our evaluation of the record, it does not appear that the Board issued a statement of reasons for denying Brady, as a CPV, credit for time spent at liberty on parole in accordance with *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 469 (Pa. 2017). *See* Hearing Report, 12/14/2016, Certified Record at 39-41. In any event, because credit is being restored to Brady for his recommitment periods as a TPV, even had the Board issued a statement of reasons, it would have been based on the erroneous assumption that it could deprive Brady of this credit. Therefore, on remand, the Board shall issue a statement of reasons under *Pittman* with respect to, and accounting only for, the time that he spent at liberty on parole and was recommitted as a CPV.

 

_____
PATRICIA A. McCULLOUGH, Judge


Judges Simpson, Covey and Wojcik dissent.
Judge Brobson concurs in result only.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Brady,                                            :
                    Petitioner                          :
                                                        :    No.  262 C.D. 2018
          v.                                            :
                                                        :
Pennsylvania Board of Probation                         :
and Parole,                                             :
                    Respondent                          :

## *ORDER*

AND NOW, this 1ˢᵗ day of February, 2019, the February 2, 2018 order of the Pennsylvania Board of Probation and Parole (Board) is reversed in part and this matter is remanded.  On remand, the Board shall issue a new adjudication and statement of reasons, pursuant to *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), in accordance with this opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge