IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne T. Wright,  :
              Petitioner  :
                 :
        v.  :    No. 1906 C.D. 2015
             :    Submitted: February 10, 2017
Pennsylvania Board of Probation  :
and Parole,  :
             Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: April 28, 2017

       Dwayne Wright, an inmate at SCI-Coal Township, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Wright asserts that the Board erred in calculating his maximum sentence after recommitting him for violating his parole. Wright's appointed counsel, James L. Best, Esquire (Counsel), has petitioned for leave to withdraw his representation. For the following reasons, we grant Counsel's petition and affirm the Board's order.

       On May 7, 2009, Wright was sentenced to a sentence of three to six years on firearm-related offenses. At the time the sentence was imposed, Wright's maximum sentence date was November 7, 2012. On June 16, 2011, Wright was released on parole from SCI-Mahanoy to the Wernersville Community Corrections Center (Wernersville). Certified Record at 16-18; 23 (C.R. __). According to the Conditions Governing Parole/Reparole that he signed, Wright agreed to "abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain

from the use of controlled substances … without a valid prescription." C.R. 19. Wright acknowledged that if he was arrested while on parole, the Board was authorized "to lodge a detainer against [him] which will prevent [his] release from custody, pending disposition of those charges, even though [he] may have posted bail…." *Id*. Wright was further advised that if he was convicted of a crime committed while on parole, the Board was authorized, after an appropriate hearing, to recommit him to serve the balance of the sentence with no credit for time at liberty on parole.

Wright resided at Wernersville from June 16, 2011, to July 30, 2011, when he was discharged to an approved home plan in Lancaster. On August 15, 2012, Wright was arrested for drug-related offenses in Lancaster County. The Board then issued a warrant to commit and detain Wright for violation of a condition of parole. Wright posted bail on the new criminal charges, but remained incarcerated on the Board's warrant until November 7, 2012, the maximum sentence date on his firearm offense. On August 27, 2014, Wright pled guilty to the drug offenses and was sentenced to one to three years of imprisonment to be served in a state correctional institution. On October 16, 2014, the Board voted to recommit Wright as a convicted parole violator to serve his unexpired term of 426 days on his firearm offense. The Board recalculated Wright's maximum sentence date to be December 16, 2015. Admitting that his conviction on the new criminal offense violated his parole, Wright waived his right to parole revocation hearings and assistance of counsel.

On January 26, 2015, Wright filed an "Administrative Remedies Form" with the Board that presented (1) an administrative appeal challenging his recommitment as unconstitutional and (2) a petition for administrative review

2

asserting that the Board failed to award him credit for time spent at Wernersville, Lancaster County Prison, and SCI-Camp Hill. C.R. 65.

The Board scheduled an evidentiary hearing to determine whether Wright was entitled to credit for the period he was at Wernersville. Wright testified that he was held in the building at Wernersville during the day; he was allowed to leave the building for meals and get his social security card; there was a fence around the back of the building; and a staff member had to press a buzzer to let him out of the building. Wright testified that he had to abide by the rules at Wernersville and stay within his sector of the facility. Agents would stop him if he tried to leave; staff members would chase down residents who tried to cross the fence.

A Wernersville staff member testified that the building is not a secure facility. Residents are not locked in their rooms and are allowed to go outside with passes. The facility does not have bars on the windows or a perimeter fence. Staff members are forbidden to chase residents who leave without permission; rather, they take notes and notify the Board's 24/7 Unit.

Following the hearing, the Board rendered a decision, which was mailed on June 2, 2015, concluding that Wright failed to prove that the restrictions on his liberty at Wernersville were the equivalent of incarceration. The Board found that residents could leave the facility of their own free will, without being physically restrained by the staff. Further, the facility does not have bars on the windows or a perimeter fence. Based on these findings, the Board denied Wright credit for his time spent at Wernersville.

On June 29, 2015, Wright filed another "Administrative Remedies Form" with the Board challenging his recommitment sentence. Wright argued that

3

the Board erred by not crediting his sentence for the time he spent at Wernersville and while he was in "good standing" prior to his new charges. C.R. 91. Thereafter, on August 27, 2015, the Secretary of the Board issued a final determination on Wright's requests for administrative relief. The Secretary explained that the Board recalculated Wright's maximum sentence based on his recommitment as a convicted parole violator; the Board had statutory authority to forfeit all of the time Wright was at liberty on parole; and the recalculation did not violate any of Wright's constitutional rights. The Secretary also affirmed the Board's finding that Wright was not entitled to credit for the time he spent at Wernersville and upheld the Board's recalculation of Wright's maximum sentence date. Accordingly, the Secretary affirmed the Board's decision on June 2, 2015. Wright now petitions this Court for review.[1]

On appeal, Wright raises five issues, which we combine into four for clarity. First, he argues that the Board unlawfully forfeited the time he was at liberty on parole, also referred to as "street time," which, Wright asserts, should be credited to his original maximum sentence. Second, Wright argues that the Board lacks statutory authority to change the maximum date of a sentence that was imposed by a court. By forfeiting the period of time he was at liberty on parole and extending his term of sentence, the Board violated his constitutional rights and the doctrine of separation of powers. Third, Wright argues that the Board did not have authority to detain him after he began serving his new sentence on his drug offenses. Fourth, Wright argues that the Board erred in not giving him credit for

---

[1] Our scope of review determines whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n. 3 (Pa. Cmwlth. 2009).

4

the period of time he resided at Wernersville. Counsel filed a petition to withdraw as counsel and a no-merit letter, also referred to as a "Turner/Finley letter,"[2] explaining his belief that Wright's appeal lacks merit. Thereafter, this Court issued an order dated January 14, 2016, advising Wright, *inter alia*, of his right to obtain substitute counsel or file a brief on his own behalf, and directing Counsel to serve a copy of the order on Wright. On January 15, 2016, Counsel filed a certificate of service on Wright.

Upon review, this Court concluded that Counsel's no-merit letter did not address all of the issues raised by Wright. *Wright v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1906 C.D. 2015, filed September 12, 2016) (unreported). We denied Counsel's petition to withdraw and granted him leave to amend. Counsel has filed an amended petition to withdraw, which we now consider.

We first review the technical requirements imposed upon appointed counsel who wishes to withdraw his representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw;

---

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley,* the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)).  If counsel's no-merit letter complies with the technical requirements, this Court independently reviews the merits of the petitioner's claims.  *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

In the matter *sub judice*, Counsel's no-merit letter satisfies the technical requirements of *Turner/Finley*.  In his letter, Counsel thoroughly analyzed Wright's arguments on appeal and explained why each issue is devoid of merit.  Counsel certified that he mailed a copy of his petition to withdraw and no-merit letter to Wright at SCI-Coal Township.  Further, Counsel served a copy of this Court's January 14, 2016, Order on Wright, which advised him that he could either obtain substitute counsel or file a brief on his own behalf.[3]  Thus, we conclude that Counsel has complied with the technical requirements of *Turner/Finley*.  We next consider the merits of Wright's claims.

Wright first argues that the Board unlawfully forfeited the time he was at liberty on parole.  Wright asserts that he remained on parole in "good standing" since June 6, 2011, when he was released on parole, until he was arrested on August 15, 2012.  This period of time in "good standing" should have been credited to his original maximum sentence.  Petition for Review ¶ 8.

---

[3] On April 18, 2016, Wright filed a brief on his own behalf.

6

It is well settled that the Board has the authority to forfeit street time when a parolee is recommitted as a convicted parole violator. Section 6138(a) of the Prisons and Parole Code[4] (Parole Code) states, in relevant part:

> (a) Convicted violators. –
>
> (1) A parolee … who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1),[5] shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138(a)(emphasis added). In short, convicted parole violators are not entitled to credit for their street time. When a parolee is recommitted due to criminal convictions, his maximum sentence date may be extended to account for his street time, regardless of whether he is in good standing or delinquent. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011).

Here, Wright was recommitted because of his criminal conviction of drug-related offenses. As a convicted parole violator, he was not entitled to any

---

[4] 61 Pa. C.S. §§101-6309.

[5] Paragraph (2.1) under Section 6138(a) of the Parole Code provides that the Board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole unless one of the enumerated exceptions applies. 61 Pa. C.S. §6138(a)(2.1).

credit for street time, *i.e.*, the time he spent on parole prior to his arrest on August 15, 2012. In recalculating Wright's maximum sentence date, the Board forfeited his street time, a total of 510 days, from June 16, 2011, when he was paroled, through the date of his detention on August 15, 2012. The Board credited Wright for 84 days he served on the Board's warrant, from August 15, 2012, to November 7, 2012, the original maximum sentence date on his firearm offense. Subtracting the 84 days of credit from the 510 days of street time leaves 426 days as the unserved term on Wright's firearm offense. The Board did not err.

Wright argues, next, that the Board lacks statutory authority to "change the maximum date of a sentence that was imposed by a court of law." Petition for Review ¶ 10. By changing the maximum date of his sentence, Wright argues, the Board violated his constitutional rights and "encroache[d] on the Judicial Branch of Government and [its] exclusive jurisdiction provided by the Separation of Powers doctrine." Petition for Review ¶ 9. This argument lacks merit.

As explained above, Section 6138(a) of the Parole Code grants the Board authority to recalculate the maximum sentence date of a convicted parole violator to account for his forfeited street time. 61 Pa. C.S. §6138(a); *Richards*, 20 A.3d at 599. Our Supreme Court, in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) (citations omitted) (emphasis added), explained the differences between sentences imposed by the judiciary and backtime compelled by the Board upon parole violators:

> The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal

8

prosecution and which imposes the term of punishment to be served…. By way of comparison, *backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete* following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence.

Stated otherwise, "service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." *Id.* The Board's authority to direct a parolee who is convicted of a crime committed while on parole to serve the unexpired balance of his original maximum sentence does not usurp a court's sentencing function or constitute a violation of a parolee's due process rights. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980). Further, our Supreme Court has observed that the Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted parolee by a period equal to the time when the prisoner was on parole." *Id.* (citing *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966)). Accordingly, we reject Wright's challenge to the Board's recalculation of his maximum sentence date.

Wright further argues that the Board did not have authority to detain him after he began serving his new sentence on his drug offenses. He asserts that the Board, by detaining him, showed "a deliberate indifference to a parolee's liberty interest to only serve a judicial sentence and be discharged from custody … upon the termination date of that sentence." Petition for Review ¶ 9. Wright argues that the Board has no authority to "stop the clock on the newly imposed sentence by lodging a second detainer to have a then convicted parole violator serve 'back time' for a previous sentence." Petitioner Brief at 4.

Section 6138(a)(5) of the Parole Code provides:

9

(a) Convicted violators.--

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(5). After Wright was paroled from SCI-Mahanoy, he was convicted of a crime he committed while on parole for which he received a new sentence to be served in another SCI. Section 6138(a)(5) of the Parole Code required Wright to serve the balance of his original maximum sentence first. Further, this Court has held that the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after the expiration of an original maximum sentence. *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005). "There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence expired." *Id.* For these reasons, Wright's argument lacks merit.

Finally, Wright argues that the Board erred in determining that he was not entitled to credit for the period of time he resided at Wernersville. According to Wright, he was subject to "sufficient restraints" at Wernersville to constitute "custody," thereby entitling him to credit for the time he spent there. Petitioner Brief at 5-6.

10

Section 6138(a)(2) of the Parole Code provides that a parolee who is recommitted as a convicted parole violator "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and ... shall be given no credit for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2). The Parole Code does not define the term "at liberty on parole." However, our Supreme Court has held that "at liberty" does not mean freedom from all types of confinement. *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). A convicted parole violator who seeks credit on his original sentence for time spent in a halfway house or community corrections center bears the burden of proving that the restrictions on his liberty were the equivalent of incarceration. *Medina v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116, 1119 (Pa. Cmwlth. 2015). The most important factors in determining whether a program is sufficiently restrictive so as to be equivalent to incarceration are (1) whether the resident is locked in; and (2) whether the resident may leave without being physically restrained. *Id*. at 1120-21 (quotation omitted).

Here, the Board conducted an evidentiary hearing on the restrictions placed on residents at Wernersville. The Board found that residents can leave the facility on their own free will, as acknowledged by Wright. The Board also found the facility does not have bars on the windows or a perimeter fence. These findings support the Board's determination that Wright failed to meet his burden of proving that Wernersville was as restrictive as a prison. Accordingly, the Board did not abuse its discretion when it denied Wright credit on his original sentence for the period of time he resided at Wernersville.

11

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the Board reveals that Wright's issues on appeal are without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne T. Wright,                       :
                Petitioner         :
                                    :
        v.                 :    No. 1906 C.D. 2015
                                    :
Pennsylvania Board of Probation         :
and Parole,                             :
                Respondent         :

# **O R D E R**

AND NOW, this 28th day of April, 2017, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated August 27, 2015, is AFFIRMED, and the application for leave to withdraw as counsel filed by James L. Best, Esquire, is GRANTED.

                                 _____

                                 MARY HANNAH LEAVITT, President Judge