# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Smith,              :
             Petitioner    :
             :
         v.             :   No. 992 C.D. 2015
             :   Submitted: May 12, 2017
The Pennsylvania Department of    :
Corrections and The Pennsylvania    :
Board of Probation and Parole,    :
           Respondents   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: August 8, 2017**

Carlos Smith (Smith), an inmate housed in the Dauphin County Prison,[1] petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that affirmed the dismissal of his request for administrative relief. Smith contends the Board and the Pennsylvania Department of Corrections (DOC) erred and violated his constitutional rights by recalculating the maximum date of his original sentence and by stripping away 390 days of credit for time Smith spent at liberty on parole. Also before us is the petition of Richard B. Henry, Esquire (Counsel) to withdraw as appointed counsel on the ground that Smith's petition for review is frivolous. In light of our Supreme Court's recent decision in Pittman v. Pennsylvania Board of Probation and Parole, 159 A.3d 466

---

[1] As indicated by a change of address filed by Smith in April 2017, Smith recently relocated from a state correctional institution to the Dauphin County Prison.

(Pa. 2017), we deny Counsel's petition to withdraw as appointed counsel, vacate the Board's order and remand for further proceedings.

## I. Background

When the Board initially paroled Smith on September 28, 2011, his original sentence had a maximum date of May 10, 2014. This indicated a total of 955 days remaining on Smith's original sentence at that time. On October 21, 2012, law enforcement authorities detained Smith on new criminal charges docketed in the Court of Common Pleas of Dauphin County (trial court). Smith failed to post bail on the new charges. On October 22, 2012, the Board lodged a detainer against Smith. On May 10, 2014, the maximum date of Smith's original sentence, the Board lifted its detainer. However, Smith remained incarcerated on the new criminal charges.

On September 12, 2014, Smith pled guilty to fleeing or attempting to elude police, a third degree felony. The trial court sentenced him to one to two years in a state correctional institution (Dauphin 5781). The same day, the trial court also revoked Smith's probation on a separate theft by unlawful taking charge (Dauphin 52) and re-sentenced him to one to two years in prison, to run consecutively to the Dauphin 5781 sentence. The trial court also credited 275 days of time served, running from July 22, 2013 through April 22, 2014, to the Dauphin 52 sentence. See Certified Record (C.R.) at 64.

In December 2014, the Board voted to recommit Smith as a convicted parole violator. The Board did not give Smith credit for time served from October

2

22, 2012 (Board detainer lodged) until May 10, 2014 (maximum date of original sentence), because he remained confined under both the Board detainer and the new charges, Dauphin 5781, during that period. The Board also denied Smith credit for the period from September 12, 2014 (conviction on new charges) through December 5, 2014 (recommitment as convicted parole violator). The Board reasoned this time served should apply to Smith's new criminal charges.

Ultimately, the Board determined Smith owed 955 days on his original sentence running from the date of his parole on September 28, 2011 through his original maximum date of May 10, 2014. Because Smith did not become available to resume serving his original sentence until December 5, 2014, the Board added 955 days to that date. Therefore, the Board recalculated the maximum date of Smith's original sentence as July 17, 2017.

Thereafter, Smith filed a request for administrative remedy, which the Board treated as a petition for administrative review. See C.R. at 104-13. Basically, Smith challenged the validity of the Board's recalculation of his maximum date and the denial of credit for time he spent at liberty on parole. On May 15, 2015, the Board issued a decision denying Smith's request for administrative relief. C.R. at 114-15.

In response, Smith, while incarcerated at the State Correctional Institution at Waymart (SCI-Waymart), filed a petition for review of the Board's denial of his request for administrative relief. Smith styled his petition a "writ of mandamus/appeal," which this Court treated as a petition for review in its appellate

jurisdiction. The Court also appointed the Public Defender of Wayne County to represent Smith on appeal. See Carlos Smith v. The Pennsylvania Department of Corrections and The Pennsylvania Board of Probation and Parole, (Pa. Cmwlth., No. 992 C.D. 2015, order filed July 13, 2015).

In his petition, Smith raises several issues, including a number of constitutional challenges to the Board's recalculation of the maximum date of his original sentence. In September 2015, Counsel filed an Anders[2] brief asserting the issues in Smith's petition for review were frivolous and lacked merit. Thereafter, Smith filed an uncounseled brief in support of his petition for review. Smith's brief sets forth 18 numbered issues raising the same legal and constitutional challenges included in his petition for review. DOC and the Board, jointly represented, filed a brief in response to Smith's brief. In addition, DOC requests that Smith's claims against it be dismissed because it is not a proper party to Smith's appeal of the Board's decision.

In July 2016, this Court filed a memorandum opinion and order that denied Counsel's request to withdraw as Smith's counsel, but also permitted him

---

[2] In Anders v. California, 386 U.S. 738 (1967), the U.S. Supreme Court held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely frivolous when there are no factual or legal justifications supporting it. Craig v. Pa. Bd. of Prob. & Parole, 502 A.2d 758 (Pa. Cmwlth. 1985). However, in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

an opportunity to submit an amended request for leave to withdraw. See Carlos Smith v. The Pennsylvania Department of Corrections and The Pennsylvania Board of Probation and Parole (Smith I) (Pa. Cmwlth., No. 992 C.D. 2015, filed July 11, 2016) (unreported), slip op. at 1-2.

In Smith I, we noted that Smith did not challenge his new criminal conviction precipitating his recommitment as a convicted parole violator. As such, he had only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3] Therefore, Counsel, pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), needed only to file a no-merit letter.

To satisfy the procedural requirements of a no-merit letter, counsel must (1) notify the parolee of his request to the court to withdraw; (2) provide the parolee with a copy of his no-merit letter; and, (3) advise the parolee that he has the right to obtain new counsel and to submit to the court a brief of his own, raising any arguments that he may believe are meritorious. Smith I (citing Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006)). In order to withdraw, this Court also requires an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and, (3) the analysis counsel used in reaching his conclusion that the issues are meritless. Smith I (citing Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009)).

---

[3] Act of December 2, 1968, P.L. 1144, as amended, 16 P.S. §9960.6(a)(10).

5

Counsel's letter included a brief summary of Smith's parole and his history of convictions following the grant of parole. Smith I. However, we noted that Smith asserted in his petition for review that the Board's controlling statutory and regulatory provisions, as applied, violated his constitutional rights and improperly altered the sentences imposed upon him. Id.

Although Counsel asserted the governing statutory provisions supported the Board's decision, Counsel did not address the constitutional issues Smith raised. Id. Even assuming Smith's constitutional claims lacked any merit, we recognized that in order to comply with Zerby, Counsel must explain to Smith why his arguments fail. See Smith I, slip op. at 3-4. Accordingly, we gave Counsel 30 days to file an amended no-merit letter that addresses and analyzes all of the issues Smith raised, "including the constitutional issues." Smith I, slip op. at 4 (emphasis added).

In August 2016, recognizing that Counsel was not served with this Court's July 11, 2016 opinion and order, we directed Counsel to submit either an amended no-merit letter or a brief on the merits of Smith's petition for review within 30 days of the order. See Carlos Smith v. The Pennsylvania Department of Corrections and The Pennsylvania Board of Probation and Parole) (Pa. Cmwlth., No. 992 C.D. 2015, order filed August 17, 2016). In particular, we stated (with emphasis added):

> If Counsel submits an amended no-merit letter, the Court will again address that request along with the merits of the Petition for Review. If Counsel submits a brief on the merits, Petitioner's *pro se* brief shall be deemed

6

stricken and Respondents may submit a revised brief, at their discretion, but must do so within 30 days of the date Counsel files a brief on the merits.

Id. In September 2017, Counsel submitted an amended no-merit letter and renewed his petition to withdraw as Smith's counsel.

## II. Discussion

### A. Compliance with Smith I

In Smith I, this Court clearly informed Counsel that he needed to address the constitutional issues Smith raised. Unfortunately, Counsel's amended no-merit letter again fails to even mention the constitutional issues Smith raised in his petition for review and brief. See Counsel's Am. No-Merit Letter, 9/16/16, at 4-7.

In short, neither Counsel's amended no-merit letter nor his Anders Brief attempts to address and resolve the numerous constitutional challenges Smith raises to the Board's actions and the applicable statutory provisions. As discussed above, Smith is entitled to a substantive explanation as to why his claims will fail. Zerby.

### B. Constitutional Claims; Pittman

Nonetheless, our review of Smith's petition for review and brief indicates that most of his arguments raise issues previously addressed and rejected on numerous occasions by Pennsylvania courts.[4] Regardless, we would ordinarily

---

[4] The vast majority of constitutional issues raised by Smith have been rejected. See Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980); Bellamy v. Pa. Bd. of Prob. & Parole (Pa.
**(Footnote continued on next page…)**

7

require Counsel to properly examine all issues raised by Smith and explain to him why they lacked merit. Seilhammer v. Pa. Bd. of Prob. & Parole, 996 A.2d 40 (Pa. Cmwlth. 2010). However, given the circumstances here, where more than two years have passed since the Board's May 15, 2015 decision, the maximum date of Smith's original sentence expired on July 17, 2017, and it appears that Smith is entitled to a remand under the Supreme Court's recent decision in Pittman, we will not delay the remand by requiring Counsel to address a series of constitutional claims that we note were previously rejected by the courts.

Raising an issue of merit, Smith challenges the constitutionality of 61 Pa. C.S. §6138(a)(2.1), which grants the Board discretion to award a recommitted convicted parole violator credit for time spent at liberty on parole under certain circumstances. In particular, Smith stated the following issue:

> 12. Is the discretion granted to the [Board] by the Pennsylvania Legislature[,] [t]o withdraw credit for time spent at liberty on parole from convicted parole violators, a violation of the Equal Protection Doctrine. Being that there is no fundamental difference between one convicted parole violator from another convicted parole violator, making the use of said discretion patently arbitrary and

**(continued…)**

Cmwlth., No. 439 C.D. 2014, filed May 5, 2015) 2015 WL 5413883 (unreported) (citing Young v. Pa. Bd. of Prob. & Parole, 409 A.2d 843 (Pa. 1979)) (Board's recalculation of parolee's maximum expiration date under 61 Pa. C.S. §6138(a)(2), which denies credit for time spent at liberty on parole, represents a reasonable exercise of the penological responsibility and does not violate constitutional due process, separation of powers, equal protection or the prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment and *ex post facto* laws).

8

lacking rational justification[,] [r]endering 61 Pa. C.S. [§]6138(2.1) unconstitutional.

Smith's Pet. for Review at 4, 33-35 (emphasis added).

Despite his specious claim that there are no differences between convicted parole violators, Smith does challenge the arbitrary nature of the Board's discretion to award credit for time spent at liberty on parole under 61 Pa. C.S. §6138(a)(2.1). In <u>Pittman</u> our Supreme Court recently held that Section 6138(a)(2.1) requires that the Board articulate a basis for its decision to deny a convicted parole violator credit for time spent at liberty on parole. To that end, the <u>Pittman</u> Court stated:

> Initially, we recognize that the Board has the broadest of discretion over many decisions regarding parolees and that the Board's description of the statute is accurate in so far as there is no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1). However, Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative agency to a court of record. … This is consistent with inherent notions of due process. To the extent [the a]ppellant has a right to appeal, an appellate court hearing the matter must have method to assess the Board's exercise of discretion. <u>Accordingly, we hold that the Board must articulate the basis for its decision to grant or deny a [convicted parole violator] credit for time spent at liberty on parole</u>.

<u>Pittman</u>, 159 A.3d at 474 (emphasis added).

Here, as in <u>Pittman</u>, the Board, in denying Smith credit for time spent at liberty on parole, checked the "No" box. C.R. at 92. Typed above the "No" box

9

are the words "Aggravated Range." Id. However, without any further explanation, it is unclear what the term "aggravated range" means or whether it even refers to the Board's decision not to award credit.

We also note that the Board, as a reason for its decision to recommit Smith, indicated that it considered Smith "a threat to the safety of the community." C.R. at 93. Nonetheless, in light of Pittman, we believe Smith is entitled to a specific and comprehensible explanation as to why the Board denied him credit for the 390 days he spent at liberty on parole. Therefore, we believe a remand is required in order for the Board to adequately explain to Smith its reason for denying him credit for time spent at liberty on parole. Pittman.

For the above reasons, we deny Counsel's motion to withdraw as Smith's appointed counsel. Further, in accord with Pittman, we vacate the Board's final order and remand to the Board with instructions to provide Smith a written statement reasonably articulating its basis for denying Smith credit under 61 Pa. C.S. §6138(a)(2.1).

### C. Board's Recalculation

Otherwise, we discern no error in the Board's decision. When a parolee is recommitted as a convicted parole violator, the maximum date of his sentence may be extended to include the period of time he spent at liberty on parole. Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596 (Pa. Cmwlth. 2011). The Board's authority to extend the maximum date of a parolee's sentence does

not usurp the court's sentencing function.  Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980).

When the Board paroled Smith on September 28, 2011, the maximum date of his original sentence was May 10, 2014.  As a result, Smith owed 955 days backtime.  See C.R. at 100.  On October 22, 2012, following Smith's arrest on new criminal charges, the Board lodged a detainer against Smith.  On May 10, 2014, the maximum date of Smith's original sentence, the Board lifted its detainer.  During that period of time, Smith failed to make bail and thus remained confined on both the new charges and the Board's detainer.  As such, Smith was not entitled to credit toward his original sentence for that period.  Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007).

In fact, Smith was never held solely on a Board warrant until December 5, 2014, when the Board voted to recommit him as a convicted parole violator.  Therefore, the Board added the 955 days remaining on Smith's original sentence to the December 5, 2014 date and properly recalculated Smith's maximum date as July 17, 2017.  Id.

At first glance, it would appear that Smith spent more time in pre-sentence confinement (October 12, 2012-December 5, 2014) than the new one to two year sentence for fleeing or attempting to elude police, Dauphin 5781, the conviction which led to his recommitment.  This would appear to implicate the Supreme Court's decision in Martin v. Pennsylvania Board of Probation and Parole, 840 A.2d 299 (Pa. 2003) (where parolee is held on both a Board warrant and new criminal charges and it is not possible to award all of the credit on the new

11

sentence because the presentence incarceration exceeds the new sentence, the credit must be applied to the parolee's original sentence).

A closer examination of the record, however, reveals Smith was also re-sentenced on the same day to a term of one to two years on a separate theft by unlawful taking charge, Dauphin 52, to run <u>consecutively</u> to the one to two year sentence on the Dauphin 5781 fleeing or attempting to elude police charge. <u>See</u> C.R. at 59, 64. The trial court credited Smith with time served on the Dauphin 52 sentence from July 23, 2013 through April 22, 2014, a period of approximately 275 days. <u>Id.</u> Thus, Smith's new one to two year Dauphin 5781 sentence exceeded his remaining pre-sentence time served on that charge. As such, <u>Martin</u> is inapplicable. Therefore, we see no error or abuse of discretion in Board's recalculation of Smith's original sentence maximum date.

### D. DOC

In addition, we agree with DOC's contention that it is not a proper party to Smith's appeal of a Board recommitment decision. DOC is responsible for calculating the minimum and maximum terms of prisoners committed to their jurisdiction. <u>Gillespie v. Dep't of Corr.</u>, 527 A.2d 1061 (Pa. Cmwlth. 1987). DOC, however, is not involved in the Board's recommitment decisions, including the recalculation of a parolee's original sentence maximum date. Therefore, we dismiss DOC from this appeal.

### III. Conclusion

For the above reasons, we deny Counsel's petition to withdraw as appointed counsel, vacate the Board's order and remand this matter for further

12

proceedings consistent with this opinion.  In addition, we dismiss DOC from the case as an improper party to Smith's appeal of the Board's order.


                                                _____

                                                ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Carlos Smith, :
                   Petitioner :
                                         :
           v. : No. 992 C.D. 2015
                                         :
The Pennsylvania Department of :
Corrections and The Pennsylvania :
Board of Probation and Parole, :
                   Respondents :

# O R D E R

**AND NOW**, this 8th day of August, 2017, the order of the Pennsylvania Board of Probation and Parole is **VACATED** and this case is **REMANDED** for further proceedings consistent with the foregoing opinion. The Petition to Withdraw as Appointed Counsel is **DENIED**. Further, the Pennsylvania Department of Corrections is **DISMISSED** from the case as an improper party. Jurisdiction is relinquished.

                                       _____

                                       ROBERT SIMPSON, Judge